IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHANDRA NORTON | Criminal Action No.<br>1:20-cr-00297-SDG<br><br>**REDACTED** |

# OPINION AND ORDER

This matter is before the Court on the motion for compassionate release filed by Defendant Chandra Norton [ECF 79]. The government opposes the motion.[1] For the following reasons, Norton's motion is **DENIED**.

## I. Background

On August 14, 2020, Norton was charged with one count of wire fraud conspiracy in connection with a scheme to fraudulently obtain PPP loans.[2] Norton and her co-conspirator wrongfully obtained nearly $15 million through this scheme.[3] Norton pleaded guilty on November 12, 2020.[4] On August 14, 2024, the Court sentenced her to 18 months in custody, with three years of supervised release, and ordered her to pay restitution of $4,425,002.23.[5] At the same time,

---

1 ECF 82.

2 ECF 1.

3 ECF 74 (sealed), at 10–12.

4 ECF 10; Nov. 12, 2020 D.E.

5 ECFs 62, 63. Before that, Norton's sentencing was continued numerous times.

however, the Court delayed Norton's surrender date until at least February 14, 2025 based on her then-current health and medical condition.[6] The Court later extended Norton's surrender date several times for the same reasons.[7]

Norton now asks to reduce her sentence to home confinement or to extend her surrender date. She initially requested the Court extend the surrender date to December 31, 2026, but recently revised that to "beyond" June 2027,[8] even though her medical condition has improved since the sentencing. Norton identifies numerous health problems, [redacted].[9] The Court's extensions of her surrender date beyond February 2025 permitted Norton to continue her treatment for several of her medical conditions, [redacted]

---

ECFs 24, 41, 44, 49, 53, 56.

6 ECF 62; ECF 74 (sealed), at 82–83.

7 ECFs 75, 78, 88.

8 While Norton's initial motion (filed in November 2025) asked for a surrender date of December 31, 2026 [ECF 79], at a June 2026 evidentiary hearing, counsel asked for her surrender date to be "sometime after June 2027" [ECF 97].

9 ECF 79, at 2–3.

[redacted].[10] The Court held an evidentiary hearing on Norton's compassionate release motion on June 25, 2026.[11]

## II. Applicable Law

The Court "may reduce the term of imprisonment" on a finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C § 3582(c)(1)(A); *see also* U.S.S.G. § 1B1.13(a) (stating that a sentence may be reduced if extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the community, and the reduction is consistent with the policy statement). Circumstances that qualify as extraordinary and compelling may include the movant's medical condition or family circumstances. U.S.S.G. § 1B1.13(b)(1)(B), (b)(3). The medical condition must be "serious" and "substantially diminish[ ] the ability of the [movant] to provide self-care within the environment of a correctional facility and [be something] from which he or she is not expected to recover." *Id.* § 1B1.13(b)(1)(B). The movant "bears the burden of establishing that compassionate release is warranted." *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020).

---

10 *Id.* at 2.

11 ECF 97.

## III. Discussion

At sentencing, the Court granted the government's motion to reduce Norton's sentence based on her substantial assistance.[12] In fact, the sentence the Court imposed was below even the reduced guideline range of 24 to 30 months based on that substantial assistance.[13] But the Court declined to impose the sentence requested by Norton—five years of probation and 24 months of home confinement.[14] Norton did not then, and has not now, shown any convincing reason to further reduce her custodial sentence. And, while her current medical problems are numerous and substantial, they are no longer extraordinary and compelling; they will not substantially diminish her ability to provide self-care within a custodial setting. *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (holding there was no abuse of discretion in the district court's denial of compassionate release where the prisoner's medical conditions were manageable in prison). The BOP is capable of managing and treating them. Nor has Norton provided any legitimate explanation for pushing her surrender date to December 31, 2026 or beyond in light of the substantial progress in her recovery to date.

---

12 ECF 58 (motion); ECF 74 (sealed), at 84.

13 ECF 74 (sealed), at 84.

14 *Id.* at 56.

Norton has always indicated that [redacted] was estimated to end around June 2027, but her initial motion still only asked to delay her reporting until December 2026.[15] The motion emphasized the importance to Norton's health [redacted].[16] And the government agreed during the sentencing hearing to recommend that Norton's surrender date be delayed [redacted].[17] In connection with Norton's sentencing, Dr. Kenneth Russell, the Bureau of Prisons' (BOP) Regional Medical Director for the South Central Region, opined that the BOP would be capable of providing "competent and sufficient" care for Norton "[redacted] prior to being remanded" into the BOP's custody.[18] Dr. Russell later clarified (during the evidentiary hearing) that his declaration was referring to [redacted]

---

15 ECF 79, at 18–19.

16 *Id.* at 8. *See also* ECF 74 (sealed), at 53.

In a subsequent filing, Norton reported that [redacted], arguing that these provided additional grounds for her compassionate release motion. ECF 81. Those reasons no longer exist [redacted]. ECF 97.

17 ECF 74 (sealed), at 66.

18 ECF 61, at 2.

[redacted]. Norton has been designated to FMC-Carswell, which is a Care Level 4 medical facility.[19] Dr. Russell indicated that the BOP can adequately address Norton's medical conditions at Carswell now that she has [redacted].[20] [redacted].[21] Norton has not presented any evidence that [redacted]. She did not show any medical necessity to her health [redacted].

[redacted].[22] Defense counsel emphasized that the biggest health problem Norton

19 ECF 79, at 15–16; ECF 97.

20 ECF 97.

21 ECF 74 (sealed), at 54.

22 ECF 97. At the sentencing hearing in August 2024, defense counsel reported that Norton [redacted]. ECF 74 (sealed), at 53.

currently faces relates to her high blood pressure; Dr. Russell stated that the BOP has the ability to treat this condition and to regularly monitor Norton.[23]

Regardless, Norton now asks for an even greater reduction in her sentence or later reporting date than what was included in her motion. During the evidentiary hearing, defense counsel asked for Norton to be resentenced to 24 months of probation (with nine months of home confinement) or, alternatively, be allowed to surrender beyond June 2027.[24] But the date for [redacted] has not changed since Norton's sentencing.

This is not to minimize Norton's health problems nor the documented problems with the health care provided by the BOP. But Norton's reasons for wanting to remain free a while longer do not satisfy § 3582 or U.S.S.G. § 1B1.13(b)(1)(B). *See, e.g.*, *United States v. Rodriguez-Mendez*, 168 F.4th 1123, 1128 (8th Cir. 2026) (holding that a delay in care for severe spinal stenosis did not constitute a denial of specialized medical care and that the movant had not shown the delays put him "at risk of serious deterioration in health or death"; upholding the denial of a § 3582(c) motion); *United States v. Williams*, 161 F.4th 951 (6th Cir. 2025) (upholding the denial of compassionate release where the district court concluded that, under U.S.S.G. § 1B1.13(b)(1)(C), extraordinary and compelling

---

23 ECF 97.

24 *Id.*

reasons did not exist where the movant suffered from thrombophilia and deep vein thrombosis, which lead to blood clot formation and possible life-threatening complications, and the movant had experienced delays in treatment, because the movant did not show that he was receiving insufficient treatment that put him at risk of a serious deterioration in his health); *Rodriguez-Orejuela*, 457 F. Supp. 3d at 1283 (S.D. Fla. 2020) ("While the Court does not doubt that many of [defendant's] ailments impose significant hardship, the standard for a sentencing reduction requires something more: a chronic or serious medical condition and deteriorating mental or physical health that substantially diminishes his ability to function in a correctional facility.") (cleaned up).

## IV. Conclusion

Norton has not shown that there are currently extraordinary and compelling reasons to reduce her sentence nor to delay her surrender date any further. Her motion for compassionate release [ECF 79] is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the United States Marshals Service and United States Probation Office.

The United States Marshals Service is **DIRECTED** to provide Norton with a date to voluntarily surrender as soon as practicable.

**SO ORDERED** this 18th day of August, 2026.

Steven D. Grimberg
United States District Judge